IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN SHANE FOSTER,<br>Reg. No. 12258-002, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | CIVIL ACT. NO. 2:13-CV-759-TMH<br>[WO] |
| CHRISTOPHER ZYCH, WARDEN, | )<br>) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Benjamin Shane Foster ["Foster], a federal inmate incarcerated at the Lee United States Penitentiary in Jonesville, Virginia, filed a pleading which, due to the nature of the claim presented in the document, this court has construed as an application for habeas corpus relief under 28 U.S.C. § 2241. *See Order of October 18, 2013 - Doc. No. 1*.  In this petition, Foster alleges that the Federal Bureau of Prisons ["BOP"] has failed to credit his federal sentence for time served in the Alabama prison system prior to his commitment to BOP custody.[1]  Specifically, Foster argues that the BOP erroneously refused his request for an 18 U.S.C. § 3621

---

[1] The instant petition references the sentence imposed by this court with respect to a conviction entered against Foster for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Foster*, 2:08-CR-48-MHT (M.D. Ala.).

*nunc pro tunc* designation of the state correctional facilities where he was housed prior to incarceration within the federal prison system as locations for service of the sentence(s) imposed by this court.[2]

## II. DISCUSSION

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008). A district court has jurisdiction, pursuant to 28 U.S.C. § 2241, over a claim concerning the BOP's failure to consider whether a prisoner is entitled to time credit, because such a challenge is to the manner in which the sentence is being executed. *See, e.g., United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2005). Thus, where the BOP's denial of *nunc pro tunc* designation of a state facility for service of a federal sentence impacts the duration of a prisoner's sentence, the decision properly may be challenged in a 28 U.S.C. § 2241 petition for habeas corpus

---

[2]Under this code section, the Bureau of Prisons is afforded sole authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The statute further provides that "[t]he Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable...." *Id*.

relief. *Barden v. Keohane*, 921 F.2d 476, 478 (3rd Cir. 1990); *Elwell v. Fisher*, 716 F.3d 477, 479 (8th Cir. 2013) (recognizing that 28 U.S.C. § 2241 habeas petition is the proper manner in which to challenge BOP's denial of prisoner's request for designation of various facilities as locations for service of his federal sentence under 18 U.S.C. § 3621(b)).

Because Foster is challenging the manner in which his sentence is being executed – *i.e.*, the duration of his confinement as calculated by the BOP – he must therefore satisfy the jurisdictional requirements of 28 U.S.C. § 2241.[3]  Generally, a petition for habeas corpus relief under 28 U.S.C. § 2241 must be filed in the federal district court for the district in which the petitioner's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984). The immediate custodian is the proper party respondent in the instant habeas action. *Padilla*, 542 U.S. at 443; *Braden*, 410 U.S. at 494-495 ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.... [T]he court issuing the writ must have jurisdiction over the custodian.").

---

[3] Because the administration of service credits, including calculation, awarding and withholding, is done by the BOP under 18 U.S.C. § 3624, this process involves the execution rather than the imposition of sentence. This function of the BOP is, therefore, a matter for 28 U.S.C. § 2241 habeas corpus review.

As is clear from the foregoing, this court lacks personal jurisdiction over the proper respondent, the warden of the Lee United States Penitentiary in Jonesville, Virginia. The Lee United States Penitentiary is located in the jurisdiction of the United States District Court for the Western District of Virginia. The court, therefore, concludes that this case should be transferred to the United States District Court for the Western District of Virginia for review and determination. *See* 28 U.S.C. § 1631 (specifically granting the federal courts power to transfer to cure a want of jurisdiction); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Western District of Virginia.

It is further

ORDERED that **on or before November 27, 2013,** Petitioner may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised that this Recommendation is not a final order of the court

and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of November, 2013.

                                            /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE